Resolution No. 567-2020

    Adjournment
    Opportunity for the Public to Address the Board
The order of business need not be followed if the Supervisor, as Presiding Officer, determines that it is appropriate to deviate.

    **SECTION 5 – Minutes.** Minutes of all Town Board meetings shall be the responsibility of the Town Clerk who, pursuant to approval from the Town Board, may employ the services of a person to take minutes. Minutes of an open meeting shall consist of a record or summary of all motions, proposals, resolutions and any other matter formally voted upon and the vote thereon. Minutes of an executive session shall be taken of any action that is taken by formal vote and shall consist of a record or summary of the final determination of such action and the vote thereon; provided, however, that such summary need not include any matter which is not required to be made public by the New York State Freedom of Information Law. Minutes need not contain a summary of the discussion leading to action taken or include verbatim comments unless a majority of the Board resolves to have the Clerk do so.

### PART E: RULES AND PROCEDURES
    **SECTION 1 - General Rules of Procedure.** The Supervisor shall preside at meetings of the Town Board. In the Supervisor's absence the Senior Councilperson shall preside. All cell phones and pagers should be turned off. There is no limit to the number of times a Town Board member may speak on a question. Motion to close or limit debate may be entertained but shall require the affirmative vote of four (4) members of the Board.

    **SECTION 2 - Guidelines for Public Comment.** The public shall be allowed to speak only during Public Hearings and Public Comment periods (on Agenda Items or Public Comment).

    **General Requirements.** Each speaker will submit his/her name and address upon a form to be provided by the Town Clerk or his/her designee. On such form, the speaker shall also provide the resolution(s) he/she wishes to comment on, or a brief description of what he/she will comment upon prior to speaking. Speakers must be recognized by the presiding officer, and shall be called to speak in the order determined by the presiding officer. Speakers must step to the front of the room and speak into the microphone at the lectern. Speakers are not to approach the dais without invitation and are directed to make their remarks from the lectern. No items or documents may be placed on the dais or presented to the Board unless either authorization is requested and granted by the presiding officer or a Board member specifically requests to see an item. All items for presentation that are granted authorization or requested by a Board member shall be presented to the Town Clerk who shall pass it the Board. Speakers' remarks shall be addressed to the Board as a body and not to any specific member thereof, or to any member of the Town staff or member of the audience. Speakers shall observe the commonly accepted rules of courtesy, decorum, dignity and good taste and shall not use foul language,

Resolution No. 567-2020

display unacceptable behavior, or be disruptive of the proceedings. Speakers may not make personal comments about public officials, town residents or others. *Members of the public and Board members shall be allowed to state their positions in an* atmosphere free of slander, threats of violence or the use of the Board meeting as a forum for politics. Sufficient warnings may be given by the Board at any time during a speaker's remarks and, in the event that any individual shall violate the rules of decorum heretofore set forth, the presiding officer may then cut off comment or debate. Any person making offensive, insulting, threatening, insolent, slanderous or obscene remarks or gestures, or who becomes boisterous, or who makes threats against any person or against public order, and security while in the Board Room, either while speaking at the podium or as a member of the audience, shall be forthwith removed at the direction of the presiding office. Any person removed from a public meeting at the direction of the presiding officer may be charged with disorderly conduct in accordance with New York State Penal Law Section 240.20.

**Public Hearings.** Speakers, other than the applicant or its attorneys or experts, shall have five (5) minutes to address the Board on the specific matter that is the subject of the Public Hearing before yielding to the next speaker. Speakers may once again address the Board during the Public Hearing period for one additional five (5) minute period, but only to rebut statements made by the Board or other speakers in regards to the matter that is the subject of the Public Hearing. Speakers may not yield their time to other speakers. All of the rules and guidelines set forth in the section above, entitled "General Requirements" shall apply.

**Resolutions.** During the period identified as "Opportunity for the public to address the board on agenda items only," speakers shall identify all resolutions they wish to speak on and shall have three (3) minutes to address the Board on a given resolution, a total of six (6) minutes if the speaker is addressing two resolutions; and a total of ten (10) minutes if the speaker is addressing three or more resolutions. A timer shall be utilized that will beep or produce another sound to indicate that a speaker's time limit for addressing agenda items has been reached. Upon being notified that his or her time limit has been reached, a speaker shall cease speaking, leave the lectern, and return to his or her seat. Speakers may not yield their time to other speakers. All of the rules and guidelines set forth in the section above, entitled "General Requirements" shall apply. The presiding officer may modify these guidelines if warranted.

**Public Comment.** During the period identified as "Opportunity for the public to address the board," speakers shall have five (5) minutes to address the Board. Speakers may not yield their time to other speakers. Board members may interrupt a speaker during the speaker's remarks, for the purpose of asking questions of the speaker for purposes of clarification, to provide information or to ask follow-up questions. All remarks shall be addressed to the Supervisor and Town Board. The public comment period is designed for comments only. Board members shall not be required to answer questions or respond to comments but may respond to questions or comments at their discretion or may direct the question or comment to the appropriate person to respond. A timer shall be

Resolution No. 567-2020

utilized that will beep or produce another sound to indicate that a speaker's five (5) minute time limit for Public Comment has been reached. Upon being notified that his or her time limit has been reached, a speaker shall cease speaking, leave the lectern, and return to his or her seat. All of the rules and guidelines set forth in the section above, entitled "General Requirements" shall apply. The presiding officer may modify these guidelines if warranted.

**SECTION 3 - Use of Recording Equipment.** All members of the public and all public officials are allowed to photograph and tape or video record public meetings so long as the photography or recording is done in a manner which does not interfere with the meeting. The presiding officer may make the determination that the photography or recording is being done in a manner that interferes with the meeting after taking into consideration attendant movement and activity, distance from the deliberations of the Board, noise, size of equipment, ability of the public to participate in the meeting notwithstanding the photography or recording, and any other pertinent factor. If the presiding officer makes the determination that the photography or recording is interfering with the meeting, the presiding officer may request an accommodation to avoid the interference and if not sufficient or complied with, order the photography or recording to be stopped. Any person failing to follow the determination of the presiding officer shall be forthwith removed at the direction of the presiding officer. Any person removed from a public meeting at the direction of the presiding officer may be charged with disorderly conduct in accordance with New York State Penal Law, Section 240.20.

**SECTION 4 – Signs and Banners.** Members of the public may display signs and/or banners at public meetings so long as the signs or banners do not interfere with the meeting, do not obstruct the view of other attendees, do not violate the fire code, and do not contain obscene language. The presiding officer may make the determination that the signs or banners interfere with the meeting after taking into consideration attendant movement and activity, distance from the deliberations of the Board, the size of the sign or banner, ability of the public to participate in the meeting notwithstanding the sign or banner, and any other pertinent factor. If the presiding officer makes the determination that the sign or banner is interfering with the meeting, the presiding officer may request an accommodation to avoid the interference and if not sufficient or complied with, order the sign or banner be removed. Any person failing to follow the determination of the presiding officer shall be forthwith removed at the direction of the presiding officer. Any person removed from a public meeting at the direction of the presiding officer may be charged with disorderly conduct in accordance with New York State Penal Law, Section 240.20.

**SECTION 5 - Executive Session Policy.** It is the policy of the Town Board to conduct Town business in an open fashion and to make available as much information as may legally and practically be disseminated. The New York State Open Meetings Law authorizes the Board to conduct business in executive session in a number of areas. These include: 1. Matters which will imperil the public safety if disclosed; 2. Matters which may disclose the identity of a law enforcement agent or informer; 3. Information relating to criminal investigations which would

Resolution No. 567-2020

imperil effective law enforcement if disclosed; 4. Discussions relating to proposed, pending or current litigation; 5. Collective bargaining negotiations; 6. Personnel matters relating to particular individuals; and 7. The proposed acquisition, sale, or lease of real property or securities when disclosure would substantially affect the value. The Board recognizes that it is authorized to use executive sessions in these and other situations, but will do so with restraint. To maintain confidentiality and to encourage the uninhibited discussion of the subject matter in executive session, all statements made and positions taken by all participants must remain confidential and may not be disclosed by any participant unless and until disclosure of such information as may be legally disseminated is authorized by affirmative vote of four (4) members of the Board. It has been and continues to be the practice of the Board that all members of the Board, acting together, come to agreement by consensus on the specific information which is to be released to the public in accordance with the New York State Open Meetings Law, the suitable vehicle for reporting that information, and the timing of the reporting.

-#-

The foregoing resolution was declared adopted after a poll of the members of the Board; the vote being recorded as follows:

| | |
|---|---|
| Supervisor Saladino | Aye |
| Councilwoman Johnson | Aye |
| Councilman Imbroto | Aye |
| Councilman Hand | Aye |
| Councilman Labriola | Aye |
| Councilwoman Maier | Aye |
| Councilwoman Walsh | Aye |



# Town of Oyster Bay
# Inter-Departmental Memo

**TO**       : MEMORANDUM DOCKET

**FROM**     : Office of the Town Attorney

**DATE**     : October 1, 2020

**SUBJECT:** Amendment of Resolution No. 184-2016
Town Board Meeting Rules of Decorum

---

This Office was requested to draft a resolution to amend Resolution No. 184-2016, adopted on April 5, 2016, which set forth the Rules of Decorum to be followed at Town Board meetings. The proposed resolution is attached hereto.

It is requested and recommended that the Town Board suspend the rules and adopt the attached resolution at the Town Board meeting scheduled for October 6, 2020.

FRANK M. SCALERA
TOWN ATTORNEY

Thomas M. Sabellico
Special Counsel

TMS:nb
Attachment

S:\Attorney\Admin\TMS\2020\MD Decorum.docx