

THE LAW OFFICES OF
# CLARKE & FELLOWS
140 GAZZA BOULEVARD
FARMINGDALE NY, 11735
TELEPHONE: (631) 532-0221
FACSIMILE: (631) 777-7312

December 5, 2020

Via ECF
Hon. Gary R. Brown
United States District Court
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722

    Re: *McKenna v. Town of Oyster Bay 2:20-cv-04905*

Dear Judge Brown,

    The Town of Oyster Bay has a long and established aversion to open and transparent government. The Town has forcibly removed legitimate journalists from Town Hall for requesting public information. The Town regularly removes and bans citizens from Town Board Meetings. The Town Board runs shadow meetings before the actual Town Board meeting. The Town continually operates in violation of New York Open Meetings Law.

    Because of the Town's flagrant disregard for Open Meetings Law, the Nassau County Supreme Court has taken the extraordinary step of requiring those in the Town government to receive training on Open Meetings Law. Even after this training, the former Town Clerk indicated that he could not process Freedom of Information Requests according to New York State Open Meetings Law. The former Town Clerk was then silenced in retaliation for acknowledging this fact.

    This very decorum law that this lawsuit challenges is emblematic of the Town's staunch resistance to open and transparent government. The challenged resolution was a blatant move to thwart with the illegitimate threat of arrest any attempt to question the current regime. The Long Island Press Club, the Nassau County District Attorney and other elected officials strongly criticized the resolution.

    Even the Town's litigation strategy in this matter has been secretive and coercive. After the hearing on the Order to Show Cause, your Honor requested that the parties work out a new resolution. Over the intervening month, I heard nothing from the Town's attorneys.

    On December 1, 2020, the day before the conference on this matter, the Town's attorneys refused to hand over a draft resolution without a confidentiality agreement. I

reluctantly agreed simply because this is a complex issue, and I did not want to be sandbagged at the conference the next day. I was shocked when I saw the resolution attempted to once again ban political activity. Naturally, the language of the proposed resolution was unconstitutional and unacceptable.

As a result, at the December 2, 2020 conference, your Honor requested that the parties once again workout the language of the resolution. I promised your Honor to submit to the Town in writing my thoughts as to why its proposed resolution was improper. Within the hour after the conference, I wrote the defendants my thoughts about what could be changed about the resolution to make it proper.

I indicated that I agreed that the Town has a legitimate interest in maintaining decorum and to efficiently move through the business before the Board. As a result, I proposed that the decorum rule should focus on disruptive activity, and not on categories of protected speech. I further indicated that there should be reciprocity in which the Board acknowledged that it too would abide by the decorum rules.

The Town simply sent a curt response that it would take my recommendations under consideration. The next day, I attempted again to get a response to my proposed changes. The Town refused to send me its proposed changes. In fact, the Town has now filed a document under seal. I am unsure what this document is, but if it is the proposed decorum rules, it should be open for public view.

This should not be a difficult matter. There are 89,004 municipal governments throughout the United States which hold meetings and presumably face the same issues[1]. These matters are seldomly litigated because it should be an easy matter to draft a constitutional decorum rule. There is no need for extensive Federal Court intervention to hold the Town's hand while drafting a decorum rule.

The Defendant's current application to convert this matter to a settlement conference should not be granted. The law should be simply struck down and the defendants should take it on themselves to draft the law just as they were elected to do instead of wasting this Court's resources and taxpayer expense.

In the event that this matter is set down for a settlement conference, and in light of the Town's secretive policies as evinced by the Town's current application under seal, I request that any language concerning decorum rule include the following language:

"Decorum rules are to ensure fair, open, transparent and effective meetings. All attendees are bound by these rules including members of the Town Government. The Town acknowledges that it is comprised of officials who serve the people and understand that they have the highest obligation to maintain these rules.

The Town understands that maintaining decorum is a result in the public's faith that the Town is open and transparent. To promote the public's trust in good government, the Town agrees to diligently follow New York State's Open Meetings law. Specifically, the Town agrees to follow Public Officers Law Article 7 §103 (e) requiring the Town to supply the public with all information on which the Town relies to conduct the people's business before the board."

Respectfully submitted,
**Clarke and Fellows**

By: /S/ Jonathan C. Clarke
Jonathan C. Clarke

---

[1] https://www.census.gov/newsroom/releases/archives/governments/cb12-161.html

136 Gazza Blvd.  
Farmingdale, New York  
516-325-3889  
*Attorney for Plaintiff*

Cc:
Keith Corbett
Harris Beach PLLC
100 Wall Street
23rd Floor
New York, New York 10005
212-687-0100