

NEW YORK:

45 Broadway
32nd Floor
New York, NY 10006

P (212) 221-6900
F (212) 221-6989
Gootnick.H@wsllp.com

January 28, 2021

**VIA ECF**
The Honorable Anne Y. Shields
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722
(631) 712-5710

  Re: McKenna v. The Town of Oyster Bay et al
     Docket No. 2:20-cv-04905-GRB-AYS

Dear Judge Shields:

Our firm represents the Town of Oyster Bay ("TOBAY" or the "Town") and Joseph Saladino i/s/h/a Joe Saladino ("Saladino") (collectively "Defendants") in the above-referenced matter.

I write pursuant to the January 21, 2021 Scheduling Order requiring the parties to file a joint letter advising the Court as to the status of the issue regarding payment. I write jointly, with Plaintiff's counsel, Jonathan Clarke, to inform the Court that the parties have different positions as to the status of this matter. The parties' respective positions are presented below:

**Plaintiff's Position:**

The Parties agreed to payment to Mr. McKenna for $5,000.00 in damages. Mr. McKenna's contention is that the Town should take responsibility for its unconstitutional actions, and that an attempt to pay to his attorney a fee and have his attorney then split the fee with Mr. McKenna is contrary to the agreement to the extent an agreement existed. The money was not Mr. McKenna's main concern. It was what the money represents and that is responsibility. As

such the Town is in breach of any agreement that might have existed since responsibility was fundamental to the agreement.

Furthermore, the Town's attempt to sidestep responsibility has caused Mr. McKenna's attorney to engage in unnecessary back and forth communications   As such, Mr. McKenna's attorney is entitled for further attorneys fees.

**Defendant's Position:**

It is Defendants' position that this matter has been settled for $20,000 and the parties are bound to the terms of the agreement.  The parties agreed to settle this matter for $20,000 as well as Defendants' approval of the revised and agreed upon language to Resolution 567-2020.  There was never any discussion of allocating specific amounts of the $20,000 to Plaintiff and his attorney.  Further, Defendants have already partially performed their obligation under the agreement, as the revised Resolution 567-2020 was passed at the January 12, 2021 meeting of the Board.

I provided Mr. Clarke with a proposed settlement agreement to formalize the terms of payment, and Mr. Clarke expressed concern with some of the logistics of the payment of the $20,000, not the settlement itself.  When I attempted to confer with Mr. Clarke regarding the language, communications fell apart after Mr. Clarke raised his voice with me.  This necessitated both parties writing to the Court on January 20, 2021.

Pursuant to the Court's directives to continue conferring regarding the payment, I provided Mr. Clarke with revised language to the proposed written agreement, which we believe alleviates all of his prior concerns.  To be clear, nothing in the revised proposed written agreement requires Mr. Clarke to split his attorneys' fees with his client.

However, rather than continue to confer, Mr. Clarke now claims that his client no longer wants to settle the retaliation portion of the Complaint.

It is Defendant's position that the parties are bound by the terms of the settlement, even though Plaintiff has had a change of heart between the time of the agreement to the terms of the settlement and the time those terms were reduced to a formal writing.

Defendant therefore requests that the Court schedule a confidential settlement conference to assist the parties in finalizing the terms of payment to the binding settlement agreement. Defendants are prepared to move to compel compliance with the settlement, but would rather resolve this without having to resort to motion practice.

Thank you for your attention to this matter.

Very truly yours,

*/s/ Heidi M. Gootnick*

Heidi M. Gootnick

cc: Counsel of Record (via ECF)