

THE LAW OFFICES OF
# CLARKE & FELLOWS
**140 GAZZA BOULEVARD
FARMINGDALE NY, 11735
TELEPHONE: (631) 532-0221
FACSIMILE: (631) 777-7312**

February 22, 2021

Via ECF
Hon. Gerry R. Brown
United States District Court
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: *McKenna v. Town of Oyster Bay 2:20-cv-04905*

Dear Judge Brown:

The undersigned represents Plaintiff with regard to a civil rights action alleging that Defendants, the Town of Oyster Bay and Joseph Saladino, committed numerous First Amendment violations. The undersigned submits the following in support of Plaintiff's application to restore this matter to this Court's calendar. Plaintiff also requests a conference to obtain leave to file a motion for attorneys' fees pursuant to 42 U.S.C. 1988 for successful resolution of counts one and two of the complaint.

Mr. McKenna filed the instant action to remedy at least two constitutional wrongs. Mr. McKenna challenged the constitutionality of a resolution which attempted to impose criminal sanctions for speakers at Town Board meeting who engaged in traditionally protected speech.

Mr. McKenna also alleged in his third cause of action that Defendants' attempt to criminalize protected speech was aimed at—as Defendant Joseph Saladino labeled them—"a

select few" who regularly attended meetings. Further alleged in the third cause of action was that Defendants attempted to ban Mr. McKenna from Town Board Meetings. The Defendants attempted to ban Mr. McKenna and criminalize his speech when Mr. McKenna exposed the fact that the Defendants were handing out raises without following Open Meetings Law provisions.

Mr. McKenna fearing being arrested under the resolution moved this Court to restrain Defendants from enforcing the resolution on the basis that the resolution was an unconstitutional restraint on protected speech. At a hearing on this motion, your honor pointed out that if the resolution was reproduced on a law school exam that the question would be too easy, and that the resolution had no chance of withstanding constitutional scrutiny. As a result, this Court granted Plaintiff's request for a temporary restraining order.

Before holding a plenary hearing on the matter, this Court asked if the parties could agree on the language of a new resolution that would pass constitutional scrutiny. The matter was referred to Magistrate Judge Shields to resolve the language of the resolution.

During settlement negotiations, Mr. McKenna made very clear that responsibility was material to the settlement and that Defendants take responsibility for their unconstitutional actions. Mr. McKenna requested that the Defendants include language in the resolution requiring the Defendants to adhere to Open Meetings Law.

Defendants soundly rejected including Open Meetings Law in the resolution. Mr. McKenna requested that the Defendants then pay him $5,000.00 in damages and acknowledge their unconstitutional actions. Defendants attempted to have Mr. McKenna sign a settlement agreement in which no damage award was mentioned and suggested that the undersign pay Mr. McKenna from his attorneys' fee in violation of his ethical obligations to not split fees.

Ironically, instead of acknowledging responsibility, Defendants took to the press and called Mr. Mckenna's suit frivolous despite the fact that it was successful. Furthermore, the Defendants have been smearing Mr. McKenna's name in the media claiming that he is attempting a "money grab" at taxpayer expense and engaging in frivolous litigation despite the

fact he offered to take no money if the Defendants included Open Meetings Law language in the resolution. Defendants actions are the opposite of the agreement to take responsibility.

Essentially, there was not a true agreement because responsibility was a material term on which the parties could not, and still do not, agree. To the extent that the Defendants modified the resolution, such action is gratuitous and self-serving because the resolution was guaranteed to be struck down as unconstitutional and says nothing about enforceability of an alleged agreement.

The issue in count three of the complaint, that is, whether Defendants retaliated against Mr. McKenna because he exposed the fact that that the Defendants were handing out raises without following Open Meetings law is still unresolved.

The undersigned asked that this Court restore this matter on February 4, 2021. On February 5, 2021, this Court indicated that there was a settlement, and the parties should work out the mechanics. For the last two weeks the undersigned has tried to come to some agreement with Defendant. The undersigned contacted defendants' counsel on February 10, 11, and 12. On February 12, 2021 defendants counsel merely wrote back, "We received your emails and will be in touch when we have a response." Ten days have passed and there has been no response.

Therefore, the undersigned asks that this Court allow Plaintiff to move for attorneys' fees for successful resolution of Counts one and two. The undersigned also requests that this matter be restored to the Court's calendar for further litigation on Count III of Plaintiff's Complaint. Currently, Defendants have yet to file an Answer to the Complaint and are in default.

Respectfully submitted,

**Clarke and Fellows, P.C.**

By: _____S_____
JONATHAN C. CLARKE
136 Gazza Blvd.

Farmingdale, New York
516-325-3889
*Attorney for Plaintiff*